THE BANK OF CHENOA, Plaintiff-Appellee, *v.* DONALD E. BAGBY *et al.*, Defendants-Appellants.

Fourth District   No. 4—83—0282

Opinion filed August 7, 1984.

Mercer Turner, of Bloomington, for appellants.

Caughey, Legner & Freehill, of Chenoa (John A. Freehill, of counsel), for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
Foreclosure and deficiency judgment.
We affirm.

## THE FACTS

In order to obtain funds to finance the purchase and operation of a Yamaha motorcycle dealership, Donald and Shirley Bagby, as Bagby, Inc., gave two notes to the Bank of Chenoa (the Bank). The notes were secured by two real estate mortgages, a security interest in the equipment, parts, and inventory of the dealership, and the Bagbys' personal guarantees.

The dealership fell into severe financial difficulties and the Bagbys were unable to meet their obligation to the Bank. The Bank—exercising its remedies under article 9 of the Uniform Commercial Code-Secured Transactions (Ill. Rev. Stat. 1983, ch. 26, par. 9—101 *et seq.*)—took possession of the equipment, parts, and inventory of the dealership. The Bank later sold it all over a period of time.

The Bank then filed a complaint seeking to foreclose on the real estate mortgage and to recover any remaining deficiency from the Bagbys. In response, the Bagbys filed an answer alleging in part that the Bank could not foreclose on the mortgage or recover any deficiency because the Bank had sold the assets of the dealership without proper notice and in a commercially unreasonable manner.

The trial court granted the Bank's motion to place itself in posses-

sion of the real estate. The property was later sold by agreement of the parties, and the proceeds of the sale were placed in an escrow account.

After a hearing, the trial court entered a judgment in the Bank's favor. The court found that the Bank was entitled to a judgment of foreclosure on both mortgages and the sum of $181,281.77. Two weeks later, the trial court entered the judgment of foreclosure, finding in part "[t]hat by virtue of the mortgages and indebtedness secured thereby there is due from the mortgagors [the Bagbys] to the plaintiff [the Bank] the sum of $181,281.77."

The Bagbys appeal.

We affirm.

### THE LAW

On appeal, the Bagbys maintain that the circuit court erred in entering the judgment of foreclosure and in awarding the Bank a deficiency judgment. The Bagbys argue that the Bank failed to conform with the provisions of article 9 when it repossessed and sold the assets of the dealership. Specifically, they contend that the Bank failed to both give proper notice and to conduct the sale in a commercially reasonable manner.

The Bagbys point out that our court has ruled that failure to abide by the provisions of article 9 results in the creditor being barred from seeking a deficiency judgment against the debtor. The Bagbys argue that the Bank was attempting to recover a deficiency remaining after the sale of the dealership assets when it sought to foreclose on the mortgages and also when it sought a personal deficiency judgment in the foreclosure action. The Bagbys conclude that because the Bank is barred from seeking a deficiency from them it is therefore barred from foreclosing on the real estate mortgages and from pursuing a personal deficiency judgment in the foreclosure action. We disagree.

### FORECLOSURE OF THE MORTGAGES

The first issue before us is whether the Bank's foreclosure on the real estate mortgages was an attempt to obtain a deficiency judgment against the Bagbys. We hold that it was not.

In their respected treatise, White and Summers define a deficiency as:

> "A deficiency, as the name implies, is the amount by which the sum obtained from resale of the collateral fails to satisfy the debt outstanding at the time of default." (J. White & R. Summers, Uniform Commercial Code 1091 n.29 (2d ed. 1980).)

Until *all* of the collateral—including personalty and realty—has been

disposed of, a deficiency does not exist. After *all* of the collateral has been sold, the amount of the sales proceeds may be deducted from the debtor's outstanding obligation and the result is the amount of the deficiency. But until that point, no deficiency exists.

In the present case, the Bank took, as collateral for its loans to the Bagbys, both a security interest in the dealership's assets and the mortgages on the real estate. The Bank repossessed and sold part of the collateral—the assets. Then the Bank began foreclosure proceedings on the remainder of the collateral—the real estate mortgages.

The Bank's foreclosure on the mortgages was not an attempt to obtain a deficiency. It was simply the act of a creditor exercising his remedies against collateral for a note in default. Until the real estate has been sold and the proceeds applied to the outstanding obligation, a deficiency does not exist. *Ergo*, any defense to the foreclosure of the mortgage raised by the debtor alleging that a deficiency is barred is invalid.

### THE DEFICIENCY JUDGMENT

In its complaint to foreclose on the mortgages, the Bank also sought a personal deficiency judgment against the Bagbys. On appeal, the Bagbys argue that because the Bank failed to provide proper notice and to conduct the sale in a commercially reasonable manner, the Bank is barred from seeking the personal deficiency judgment.

Although we believe that the Bagbys' arguments concerning the notice and the reasonableness of the sale have merit, the record before us is totally devoid of any specific figures detailing the exact nature of any deficiency. In other words, we cannot tell from the record on appeal whether a deficiency does exist and if it does, the amount and source of that deficiency. *Ergo*, until we can determine the exact nature of the deficiency, we will not address the issue of whether the Bagbys may assert their article 9 affirmative defenses as a bar to the Bank's attempt to seek a personal deficiency against them in the real estate foreclosure action.

For the above reasons, we remand this cause back to the circuit court with directions to that court to determine the exact amount and source of the deficiency if one does exist. By source of the deficiency, we mean whether the deficiency arose from the sale of the personalty or from the sale of the realty or from the sale of all of the collateral.

Remanded with directions to the circuit court.

TRAPP and MILLER, JJ., concur.